PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2008 Nissan Maxima struck a hole on State Route 214 in Alum Creek, Lincoln County. State Route 214 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:00 p.m. on January 1, 2009. State Route 214 has a speed limit of forty-five miles per hour. Claimant testified that she was driving north on State Route 214 at between thirty-five and forty miles per hour when her vehicle struck a hole in the road. She was unable to avoid the hole due to oncoming traffic. The hole occupied a significant portion of the northbound lane and damaged her vehicle’s passenger side wheel and tire. Claimant stated that had she veered her vehicle to the right, she would have driven off the roadway, and the driver’s side front wheel would have struck the hole. Claimant testified that the last time prior to this incident that she had driven on this road was in November of 2008, and she did not recall seeing the hole at that time. As a result of this incident, Claimant’s vehicle sustained damage in the amount of $340.79. Claimant’s insurance deductible was $1,000.00 at the time of the incident.
The position of the Respondent is that it did not have actual or constructive notice of the condition on State Route 214 at the time of the incident. Donald Snodgrass, Crew Leader for Respondent in Lincoln County, testified that he is familiar with State Route 214 and stated that it is a primary road in terms of its maintenance. The DOH 12s, records of Respondent’s daily work activities, indicate that Respondent had patched the holes on State Route 214 with cold mix on December 22,2008, January 5,2009, and January 6,2009. Cold mix is a temporary repair that is used during the winter months when the hot mix plants are closed. He stated that the cold mix came out of the hole between the time the road was patched on December 22,2008, and January 5,2009. Mr. Snodgrass was uncertain as to whether Respondent was alerted of this hole prior to the Claimant’s incident. He stated that the road was not inspected on a regular basis.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of *125 Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the hole which Claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The Court finds that the hole in question occupied a significant portion of the northbound lane of traffic on this primary road. Since the road was in disrepair at the time of Claimant’s incident, the Court finds Respondent negligent. Thus, Claimant may make a recovery for the damage to her vehicle.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $340.79.
Award of $340.79.